## MITCHELL v. THE STATE.

BECK, J.  There was no merit in any of the assignments of error attacking the court's charge.  The evidence warranted the verdict, and the court did not err in refusing to grant a new trial.

Argued February 19,—Decided March 22, 1906.

Accusation of larceny.  Before Judge Park.  City court of Sylvester.  January 22, 1906.

Jim Mitchell was convicted on an accusation charging him and Jack Forrester with the larceny of a buggy cushion, the property of Sam Baker.  From the evidence it appeared, that Baker went to town in his buggy and left the buggy in order to attend court, and, when he returned to the buggy that evening, the cushion of the buggy seat was missing.  The cushion was found the next day, wrapped in oil-cloth, under the seat of Jim Mitchell's buggy, in a wagon-yard of the town.  Mitchell, when arrested, said that he did not know how the cushion came to be in his buggy.  There was evidence that it was usual to put buggy cushions under the seats of buggies.  Mitchell, in his statement to the jury, said, that in the evening preceding the day on which the cushion was found under the seat, "Uncle Jack," who had been employed by him, was sent by him to hitch the horse to his buggy; that they started off in the buggy, and he found that he had the wrong cushion; that he went back to court the next morning, and, it being late, he hurried to the court-house, after having "taken the cushion and laid it up in the seat," intending to search other buggies there at dinner time, and find his own if it was there; that this cushion was too narrow for his buggy, it being "an eighteen-inch cushion," and his buggy being "a twenty-four inch;" that the cushion was not wrapped up; if it was, some one else did that; and that he did not find his own cushion.  Forrester, who was tried and convicted jointly with Mitchell, stated to the jury that all he knew about the cushion was that as they were going home "that night" in the buggy, "Jim" spoke to him "about the buggy cushion being too short, or something."

The motion for a new trial, the overruling of which was assigned as error, contained, besides the general grounds, the following: "The court erred in his charge to the jury in regard to the defendant's statement, when he gave the following charge: 'Each has a right to make a statement in his own behalf, not under oath, and this statement you are to give such weight and credit as you see proper. You can believe it, if you think it is more reasonable, in preference to the sworn testimony, and you can believe part of it or you can disbelieve part of it, or you can believe it altogether or disbelieve it altogether.' The court should have given in charge to the jury the law in regard to the defendant's statement as contained in section 1010 of the Criminal Code." "The court erred in the following charge to the jury, inasmuch as both defendants were being tried together: 'If you believe, from the evidence, that these defendants were together at the time the cushion was taken, if it was taken, and you believe that one was guilty of taking it and the other had a knowledge of it, and assisted and abetted it, there being no accessories in misdemeanor cases, it would be your duty to find both guilty if you find such to be the case beyond a reasonable doubt.' The vice in this charge is that the court in effect told the jury that if Jim Mitchell knew that Jack Forrester stole the buggy cushion, he would be guilty. The above excerpt is not an appropriate charge under the facts of the case."

*Paylon & Hay,* for plaintiff in eror.

*J. H. Tipton, solicitor,* contra.