### 401. PARKER *v.* THE STATE.

HILL, C. J.  1. The court charged the jury as follows, in reference to the prisoner's statement: "The defendant in this case, as in all other criminal cases, is allowed to make a statement, not under oath, but to state just such matters as he likes or deems best. You are authorized, under our law, to accept that statement in its entirety and believe the whole of it, and discard the entire sworn testimony in the case; or you may discard the statement, or take such portion of it as you desire to believe and discard the other. You are to determine the weight and credit you are to give to the statement of the defendant." *Held,* that this instruction was substantially correct, and was certainly not unfavorable to the defendant.

2. A charge that the use of opprobrious words from one to another only justifies a mere assault was not erroneous because it failed to state that opprobrious words might or might not justify an assault and battery, where it appears, by the context of the charge, that it was intended to embrace a battery as well as an assault.

3. Section 71 of the Penal Code was not pertinent to any issue made by the evidence; and if pertinent at all, was made so only from the statement of the accused. No written request was made to charge this section of the Penal Code; and, without such request, the court is not bound to give in charge the law of a theory of a case arising solely from the statement of the accused. *Hardin* v. *State,* 107 *Ga.* 718.

4. The evidence fully warranted the verdict of shooting at another, and this court will not disturb the judgment refusing to grant a new trial.

*Judgment affirmed.*

Indictment for assault with intent to murder, from Dooly superior court—Judge Whipple. March 2, 1907.

Submitted April 22,—Decided May 9, 1907.

*Busbee & Busbee,* for plaintiff in error.

*F. A. Hooper, solicitor-general,* contra.