*Percy Middlebrooks* and *Samuel H. Sibley,* contra.

---

## ANDREWS *v.* THE STATE.

Where under the evidence in the trial of a criminal case the law of voluntary manslaughter is clearly involved, it is the duty of the court to charge the law upon that subject, and he is not relieved of this duty by the mere fact that counsel for the accused in his argument to the jury insists that the law of voluntary manslaughter and of mutual combat is not involved in the case.

FEBRUARY 18, 1910.

Indictment for murder. Before Judge Mitchell. Thomas superior court. July 19, 1909.

*S. A. Roddenbery* and *Roscoe Luke,* for plaintiff in error.

*John C. Hart, attorney-general, William E. Thomas, solicitor-general,* and *Fondren Mitchell,* contra.

BECK, J. The defendant in this case was charged with the offense of murder. The homicide out of which this charge grew was the result of an altercation between the deceased, who was pitching in a game of baseball at the time the altercation arose, and the accused, who was the umpire in the game. A dispute arose between the two, when the deceased, Curtis Cason, charged Henry Andrews, the umpire, with unfairness in passing upon the question as to whether the balls delivered by the pitcher were "strikes" or "balls." The accused seemed to have been highly incensed at certain language applied to him by the deceased, and replied with offensive epithets. It is unnecessary to follow the course of the altercation which finally resulted in the killing of Curtis Cason.

Evidence was introduced by the State which tended to show that the homicide was entirely unprovoked except by the language of Curtis Cason in which the fairness of the umpire was challenged and his fitness for the position was questioned.    According to the testimony of some of the defendant's witnesses, on the other hand, at the time of the homicide the deceased and the accused were engaged in mutual combat; and under the facts testified to by those witnesses, if credited by the• jury, a verdict of voluntary manslaughter in the case would have been a proper finding.    The court failed to charge the law upon the subject of mutual combat, and gave the jury no instructions upon the subject of voluntary manslaughter, and in the motion for a new trial error is assigned upon the court's failure to charge upon the subject of mutual combat and voluntary manslaughter.

Inasmuch as there was evidence from which the jury would have been authorized to find that mutual combat existed at the time of the killing, and that the crime, if any, did not·involve a higher grade of homicide than voluntary manslaughter, the court erred in failing to give to the jury instructions upon the subject of voluntary manslaughter.    It was his duty to charge upon that subject without a request.    It appears in one of the grounds of the motion for a new trial that counsel for the defendant, in his argument to the jury at the time of the trial, said·that he "did not insist on the law of mutual combat, but insisted that it was murder or nothing." And in another ground it appears that "defendant's counsel insisted that voluntary manslaughter was not involved" in the case. The court was not relieved of the duty of charging the law upon the issues clearly made under the evidence in the case, by the contention of defendant's counsel in his argument to the jury.    In the case of *Cæsar* v. *State,* 127 *Ga.* 710 (57 S. E. 66), it was held: "In the trial of one charged with the offense of murder, the failure of the judge to charge upon the law of voluntary manslaughter will be no reason for reversing the judgment, when the counsel for the accused, in response to a statement by the judge addressed to him, that he did not think it necessary to charge the law of voluntary manslaughter, replied to the judge in such a manner as to indicate that he concurred in this view.    A party can not complain of an error which his own conduct induced."    And in the case of *Steed* v. *State,* 123 *Ga.* 569 (51 S. E. 627), it was said: "A party can not

complain of the court's failure to charge upon a particular theory, when his counsel, in response to a question addressed to him by the court, stated that he did not desire an instruction on such theory. A party can not complain of an error which his own conduct has induced. *Quattlebaum* v. *State*, 119 *Ga.* 433 (2) [46 S. E. 677]; *Harris* v. *State*, 120 *Ga.* 169 [47 S. E. 520]; *Robinson* v. *State*, 120 *Ga.* 312 (2) [47 S. E. 968]; *Nixon* v. *State*, 121 *Ga.* 144 (3) [48 S. E. 966]." It will be observed that in *Steed's* case and *Cæsar's* case, the ruling that the plaintiff in error would not be heard to complain of a failure upon the part of the court to instruct the jury upon a particular theory of the case, although there might be evidence to support that theory, was based upon the fact that counsel for the defendant, in response to a question addressed to him by the court as to whether instructions upon that theory were desired or the law upon that subject was involved in the case, replied in the negative; and the ruling was consequently a reannouncement of the doctrine that a party can not complain of an error which his own conduct induced. But *Steed's* case and *Cæsar's* case differ from the present case. In those two cases the failure of the judge to charge was induced by a statement from counsel to the court. In the present case no such statement was made by counsel to the court, but counsel insisted in his argument that voluntary manslaughter was not involved and the law of mutual combat was not involved; and the present case is brought directly within the ruling made by this court in *Horton* v. *State*, 120 *Ga.* 307 (47 S. E. 969). There it was said: "But the fact that one of defendant's counsel in arguing to the jury insisted that there was no manslaughter in the case, but that it was a case of self-defense, and another of his counsel contended that the defendant was justifiable because of the invasion of his house, did not deprive the defendant of the right to a charge on the subject of manslaughter, if it was otherwise demanded by the evidence." We think the distinction between the case of *Horton* and the cases of *Cæsar* and *Steed*, supra, is sound, and that the present case clearly falls within the rule laid down in *Horton's* case. Consequently the court erred in failing to charge the jury upon the subject of voluntary manslaughter, there being evidence in the case demanding a charge upon that subject.

None of the other exceptions to the charge of the court and its

rulings require discussion, no other error than that dealt with in the foregoing being made to appear.

     *Judgment reversed. All the Justices concur.*