### CHANCEY *v.* THE STATE.

LUMPKIN, J. 1. On the trial of one accused of murder, there was no error in charging the jury: "You would have no right to create for yourselves a vague or fanciful doubt in order to acquit the defendant, but the doubt must be one that is reasonable and fairly entertained on the part of the jury, one that grows out of the testimony or lack of testimony, and leaves the mind of the jury wavering and uncertain." *O'Dell* v. *State*, 95 *Ga.* 333, 335 (22 S. E. 548) ; *Arnold* v. *State,* 131 *Ga.* 494 (4), 496 (62 S. E. 806).

2. The following charge was substantially correct: "In criminal cases the defendant has the right to make to the court and jury such statement in his own defense as he sees fit and proper to make. While this statement is not under oath, the jury have the right to believe it in preference to the sworn testimony in the case, or you may believe the sworn testimony in preference to the statement of the defendant, or a part of one, and a part of the other." *Jones* v. *State*, 65 *Ga.* 506 (3) ; *Mitchell* v. *State*, 125 *Ga.* 27, 28 (53 S. E. 810).

3. The sixth ground of the amended motion for a new trial complained of the following charge of the court: "You are the judges of the credibility of the witnesses; and in determining the question as to the degree of credit that you will give to the witnesses testifying, you have the right to take into consideration the manner of the witnesses as

they appear upon the stand giving evidence, their interest or want of interest as manifested in the trial of the case, the reasonableness or unreasonableness of their testimony, the probability or improbability of the occurrences about which they testify having taken place in the manner as testified to by them, the opportunity of the witnesses of knowing the facts to which they testify; and you may also pass upon the personal credibility of the witnesses so far as the same may legitimately appear in the trial of the case; and you may apply such other mental tests as you believe will assist you in determining as to the degree of credit that you will give the witnesses testifying." Exception was taken to this charge as a whole, and without special assignment of error, thereby resting upon the general proposition that the charge was erroneous as an abstract rule of law. The major portion of this charge was correct. The last clause, as above quoted, if taken alone, may have been to some extent subject to criticism; but when taken in connection with its context it furnishes no ground for a new trial.

4. In the motion for a new trial no question was raised as to the misconduct of any juror. Attached to the bill of exceptions appear three affidavits which were stated to have been laid before the court in support of the general grounds of the motion. Two of them are by members of the jury, tending to show that another juror, after the jury had retired, made certain statements as to his personal knowledge in regard to the character of the accused and the deceased, and as to the premises on which it was alleged that the homicide occurred. The third was by a person who stated that he heard a conversation between the juror (who was said to have made the statements just mentioned) and one of counsel for the defendant, in which the former said that he did not arrive at the verdict he rendered from the facts as testified to, but from what he knew outside of the evidence. In the bill of exceptions it was stated that these affidavits were introduced in support of the various general grounds of said motion for a new trial. *Held*, that under such facts the affidavits (if otherwise legitimate) can not be considered in support of the general grounds of the motion.

5. The evidence was sufficient to support the verdict, and there was no error in overruling the motion for a new trial.

> *Judgment affirmed. All the Justices concur.*
> MARCH 16, 1916.

Indictment for murder. Before Judge Cox. Decatur superior court. November 19, 1915.

*Hartsfield & Conger,* for plaintiff in error.

*Clifford Walker, attorney-general, R. C. Bell, solicitor-general, F. A. Hooper, M. E. O'Neal,* and *Mark Bolding,* contra.