*Hitch & Denmark* and *H. H. Elders,* for defendants.

---

## VINCENT *v.* THE STATE.

FISH, C. J. 1. On the trial of one charged with murder the accused relied on alibi. The court, after correctly giving in charge abstractly the law as to that defense (as set forth in *Harrison* v. *State,* 83 *Ga.* 129 (3), 130 (9 S. E. 542), gave the jury, in immediate sequence with such general charge on the subject, the following concrete instruction, viz.: "So, on this branch of the case [alibi] I charge you, if you believe that the defendant was at his father's residence at the time it is alleged the deceased was shot and killed, it would be your duty to acquit him." There was evidence tending to show that the decedent was killed about 10 or 11 o'clock at night. According to some of the evidence the accused at the time of the homicide was in his father's house, and according to other evidence he was at that time walking along a road between his father's house and the home of Campbell, about three miles away. If at either place the accused could not have been present at the time and place of the homicide. In the circumstances stated it was error and cause for a new trial for the court, in the instruction quoted above, to restrict the jury, on their consideration of alibi, to the evidence tending to show that the accused at the time of the homicide was at his father's house. To the ground of the motion for new trial assigning error upon the instruction now under consideration, the court appended the following note: "It was insisted by counsel for defendant in this particular, before the court and jury, that the defendant was at home when the killing occurred." This fact without more did not justify the instruction. See *Andrews* v. *State,* 134 *Ga.* 71 (67 S. E. 422).

2. None of the other grounds of the motion required the grant of a new trial. *Judgment reversed. All the Justices concur.*

MAY 10, 1916. REHEARING DENIED JUNE 19, 1916.

Indictment for murder. Before Judge Brand. Oconee superior court. December 11, 1915.

*Thomas & Thomas* and *Wolver M. Smith,* for plaintiff in error.

*Clifford Walker, attorney-general, John B. Gamble, solicitor-general, T. W. Rucker,* and *Mark Bolding,* contra.