## HILL *v.* THE STATE.

1. An indictment for murder charged that the accused shot and killed the named decedent "with a certain gun" which the accused then and there held. On the trial it appeared that the accused committed the homicide by shooting the decedent with a pistol. *Held,* that it was not cause for a new trial that the court told the jury that a pistol is a gun. State *v.* Barrington, 198 Mo. 23 (95 S. W. 235).

2. On the trial a witness testified to the following effect: "Jim Pope Brown [the decedent] was in the wagon when he was talking to Fletcher [the accused], and when he got to Fletcher's house he jumped out of the wagon and hit Fletcher somewheres up here [indicating]' with a board and knocked him down, and when Fletcher got up he shot Jim Pope. . . Fletcher was not doing anything when Jim Pope hit him." *Held,* that this testimony required the court, even without a request so to do, to instruct the jury as to the law of voluntary manslaughter, set forth in the Penal Code, § 65, dealing with a homicide which is the result of a sudden, violent impulse of passion supposed to be irresistible.

3. Where to the judge's order overruling a motion for a new trial, which complained, among other things, of a failure to charge the law relative to voluntary manslaughter in a case where the evidence involved such offense, the judge appended a note giving as his reason for such failure to charge, "that both counsel representing the defendant insisted to the court and jury that voluntary manslaughter was not involved," such note is not to be construed as stating that counsel for the defend-

ant had requested the judge not to charge the law of voluntary manslaughter, or that the defendant formally admitted that such offense was not involved in the case, and such statements show no reason for not charging the law of voluntary manslaughter under the evidence in the case.

No. 338.   FEBRUARY 15, 1918.

Indictment for murder.   Before Judge Kent.   Pulaski superior court.  March 31, 1917.

*L. A. Whipple* and *J. M. Lanier,* for plaintiff in error.

*Clifford Walker, attorney-general, W. A. Wooten, solicitor-general,* and *M. C. Bennet,* contra.

FISH, C. J.   1, 2. The rulings announced in the first and second headnotes do not require elaboration.

3. One ground of the motion for a new trial is: "Because the judge in the trial of said case failed to charge the jury upon the principle of law in regard to voluntary manslaughter, as set out in section 65 of the Penal Code, although the evidence adduced upon the trial of said case involved the possible finding by the jury of voluntary manslaughter." To this ground the judge appended the following note: "The reason the court failed to charge as complained of was, that the law was not involved, and that both counsel representing the defendant insisted to the court and jury that voluntary manslaughter was not involved." In a case where the evidence tends to show murder and voluntary manslaughter, if at the request of counsel for the accused, or upon his formal admission that the latter offense is not involved, the judge omits to charge the law relating to voluntary manslaughter, a judgment refusing a motion for a new trial which complains of such omission will not be reversed. *Threlkeld* v. *State,* 128 *Ga.* 660 (58 S. E. 49). In such a case, where there was no such request, or formal admission, the omission to charge would be reversible error. The note by the judge, quoted above, not having been made by the accused or his counsel, should be liberally construed in favor of the accused. *Horton* v. *State,* 120 *Ga.* 307, 310 (47 S. E. 969). Tested by this rule, the judge's note is not to be construed as stating that the counsel for the accused formally admitted that the issues did not involve voluntary manslaughter, or that they requested the judge not to charge the law applicable to voluntary manslaughter. The statements made in the note furnish no reason for failure to charge the law relating to the offense of voluntary manslaughter, and the omission to do so was,

under the facts of the case, reversible error. *Andrew* v. *State,* 134 *Ga.* 71 (67 S. E. 422); *Vinson* v. *State,* 145 *Ga.* 293 (89 S. E. 203).       *Judgment reversed. All the Justices concur, except*

GILBERT, J., dissenting. A party can not complain of an error which he has invited. *Hicks* v. *State,* 105 *Ga.* 627 (31 S. E. 579); *Quattlebaum* v. *State,* 119 *Ga.* 433 (46. S. E. 677); *Horton* v. *State* (supra); *Cæsar* v. *State,* 127 *Ga.* 710 (57 S. E. 66); *Threlkeld* v. *State* (supra).