## BROWN *v.* THE STATE.

BECK, P. J. 1. If the accused had desired a more elaborate statement of the law of self-defense than that submitted to the jury, he should have requested it in writing.

2. " In the trial of one charged with the offense of murder, the failure of the judge to charge upon the law of voluntary manslaughter will be no reason for reversing the judgment, when the counsel for the accused, in response to a statement by the judge addressed to him, that he did not think it necessary to charge the law of voluntary manslaughter, replied to the judge in such a manner as to indicate

that he concurred in this view. A party can not complain of an error which his own conduct induced." *Cæsar* v. *State*, 127 *Ga.* 710 (57 S. E. 66). See *Andrews* v. *State*, 134 *Ga.* 71 (67 S. E. 422), where the cases of *Cæsar* v. *State* and *Horton* v. *State*, 120 *Ga.* 307 (47 S. E. 969), are discussed. See also *Hill* v. *State*, 147 *Ga.* 650 (95 S. E. 213).

3. The remarks of counsel made to the jury, which are complained of in the motion for a new trial, do not require the grant of a new trial, in view of the fact that no motion for a mistrial was made.

4. Failure of the presiding judge to charge the jury in the trial of a criminal case that they are the judges of the law and facts is not ground for reversal of a judgment refusing a new trial. *Jones* v. *State*, 136 *Ga.* 157 (71 S. E. 6).

5. The complaint in the motion for a new trial that the court erred in reading to the jury sections 61, 62, 70, and 71 of the Penal Code, "without explaining and instructing the jury as to what part of said sections must be applied by them in reaching their verdict," without in any way indicating what instructions were desired or should be given, furnishes no ground for a reversal of the judgment refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 1897. DECEMBER 18, 1920.

Indictment for murder. Before Judge Kent. Laurens superior court. January 17, 1920.

*Stephens & Stephens,* for plaintiff in error.

*Clifford Walker, attorney-general, E. L. Stephens, solicitor-general,* and *M. C. Bennet,* contra.