### 18533. KAMPER GROCERY COMPANY *v.* SAULS.

STEPHENS, J. 1. Where the issue was as to the alleged negligence of the driver of the defendant's truck in colliding with an automobile operated by the plaintiff, the admission in evidence of the testimony of a witness for the plaintiff, that "probably a minute or a minute and a half after

the collision" the driver of the defendant's truck stated in the presence of the witness that the truck collided with the plaintiff's automobile because the brakes on the truck "would not hold," was, if error, harmless, and the error was cured, where afterwards upon the trial of the case the driver of the truck testified that at the time of the collision the brakes did hold, but that the wheels locked and the truck skidded. The evidence as to the extrajudicial statement of the driver was admissible as contradictory of the driver's testimony.

2. The evidence also authorizes the inference that the brakes upon the defendant's truck were defective; and since the petition charged that the defendant was negligent in operating the truck along a highway with defective brakes, the charge with reference to a statute requiring motor-vehicles, when operated along the highways, to be equipped with efficient and serviceable brakes, and providing that a failure so to operate a motor-vehicle constitutes negligence as a matter of law, was adjusted to an issue made by the pleadings and the evidence. And the charge is nowhere subject to the objection urged that it amounted to an intimation or expression of opinion by the court that the defendant's truck was at the time of the collision being operated without efficient and serviceable brakes.

3. In a suit for damage resulting from a collision between two automobiles, where the theory of the plaintiff's case as alleged in the petition and authorized by the evidence was that the defendant's automobile collided with the automobile of the plaintiff, striking the latter automobile near its right front wheel as the latter automobile was crossing in front of the defendant's automobile at an intersecting street, and where there was evidence that at the time of the collision the defendant's automobile was six or seven feet from the curb on its right, the evidence authorized the inference that the damage was either caused or aggravated by the failure of the defendant's automobile to be nearer to the curb in approaching the plaintiff's automobile, and a charge by the court, calling attention to an ordinance of the city which required automobiles when traveling on a highway, except when passing another vehicle going in the same direction, to keep as near the right-hand curb as possible, and instructing the jury that a failure to comply with the provisions of this ordinance amounted to negligence as a matter of law, was adjusted to the pleadings and the evidence.

4. In a suit for damages as a result of a collision between two automobiles, where the plaintiff alleges that the defendant's automobile was at the time operated by the defendant's servant, acting within the scope of his master's business, and the defendant's plea denies these allegations, and where upon the trial the driver of the automobile, who is the defendant's witness, testifies that at the time of the collision he was in the employ of the defendant, and, in driving the automobile, was in the pursuit of the witness's business as a driver, that the automobile was laden with groceries belonging to the defendant, and that the witness was delivering them to customers of the defendant, this testimony, while authorizing the inference that at the time of the collision the witness was operating the automobile as the servant of the defendant

and within the scope of his employment as such, does not, although not expressly contradicted by other evidence, amount to an admission of fact by the defendant that the witness was at the time of the collision acting as a servant of the defendant and within the scope of his employment as such. *Andrews* v. *State*, 134 *Ga.* 71 (67 S. E. 422); *Hill* v. *State*, 147 *Ga.* 650 (3) (95 S. E. 213). A charge of the court that the defendant contends that there was not sufficient evidence to show that the driver of the defendant's automobile was a servant of the defendant and was engaged in the defendant's business was properly adjusted to the issue made by the pleadings and the evidence. Even had the defendant admitted the truth of the witness's testimony in this respect, the charge of the court, in submitting to the jury that there was an issue of fact as to this matter, was not necessarily harmful to the defendant. *Matthews* v. *Seaboard Air-Line Ry.*, 17 *Ga. App.* 664 (87 S. E. 1097). If the charge was error as being unauthorized by the evidence, it was nevertheless favorable to the defendant, the party objecting thereto, and under the facts of this case was harmless to the defendant.

5. The motor-vehicle act of 1921 (Ga. L. 1921, p. 255), which provides that when motor-vehicles are approaching each other along a public highway each must bear to its right, does not give the right of way to the driver of the automobile continuing his straight course, over the driver of the other automobile after the latter has made a left turn into the intersecting street. In the absence of a statute or evidence of a valid ordinance of the city fixing the relative rights of the drivers of automobiles under such circumstances, either generally or at this particular intersection of the streets, it can not be said that either driver, as a matter of law, under the circumstances, had the right of way. No ordinance appearing and there being no statute fixing the rights of drivers of automobiles under such circumstances, the court did not err in its failure to charge that the driver of the defendant's automobile had the right of way over the plaintiff's automobile, and did not err in refusing a request of the defendant to charge that the conduct of the plaintiff in not respecting the defendant's alleged right of way, when turning across his course, constituted negligence as a matter of law.

6. While it might be proper, as stated in the dictum of Judge Bleckley in *Western & Atlantic Railroad Co.* v. *Young*, 83 *Ga.* 512, 519 (10 S. E. 197) "to instruct the jury not to bring in a verdict arrived at by lot or chance," a failure to so charge, where there is no evidence whatsoever to indicate that the particular verdict found for the plaintiff was arrived at by lot or by chance, is not error. There being no indication from the amount of the verdict, which is in the even and round sum of $3,000, that it was arrived at by lot or by chance, and there being no evidence that the jurors arrived at it, either upon the question of liability or in the amount found, by chance or by taking the average of an amount named by each individual juror, the court did not err in refusing a written request of the defendant to charge "that the verdict of the jury should speak the individual conviction of each member of the jury, and the methods of arriving at a verdict by averaging the

views or opinions of all members of the jury are not proper, unless the average thus reached expresses the individual opinion of each member of the jury as to what the verdict should be." See *City of Columbus* v. *Ogletree*, 102 *Ga.* 293, 298 (29 S. E. 749) ; 27 R. C. L. 847.

7. Where the only contentions made by the defendant in the pleadings consist in a general denial of certain allegations in the plaintiff's petition which are not admitted as true, and a plea that the injuries sued for were caused solely by the plaintiff's negligence, it is not an unfair submission of the defendant's contentions for the trial judge, in the charge, after referring at length to the plaintiff's contentions as alleged in the petition, to state to the jury that the defendant admits certain designated allegations in the petition and denies all the other allegations in the petition and the amendments thereto, and to state, in the same connection, that the defendant contends that the injuries to the plaintiff were not caused by the defendant's negligence, but were due solely to the negligence of the plaintiff.

8. The court, fairly to the defendant, submitted all the issues to the jury. The evidence authorizes the verdict found for the plaintiff, and, upon a consideration the evidence in support of the extent of the personal injuries sustained by the plaintiff as a result of the alleged negligence of the defendant in running its automobile into the automobile which the plaintiff was driving, the verdict in the amount of $3,000 does not appear to be excessive or to have been arrived at as a result of undue bias or prejudice on the part of the jury.

9. The court did not err in overruling the defendant's motion for a new trial.       *Judgment affirmed.   Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 29, 1928.

*Jones, Evins, Moore & Powers,* for plaintiff in error.
*Harwell, Fairman & Barrett,* contra.