## BAILEY *v.* THE STATE.

No. 6720. NOVEMBER 15, 1928.

*William D. Turner,* for plaintiff in error.

*George M. Napier, attorney-general, W. B. Gibbs, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

PER CURIAM. ■ The court charged the jury as follows: "It is necessary, in the determination of your verdict in this case, for you to determine the character of the instrument used which resulted in the death of the deceased. If you determine that the instrument used, in the manner in which it was used upon that occasion, was a weapon likely to produce death, and that from the use of the weapon in the manner in which it was used the death of the deceased ensued, the law, from the use of the weapon in

such manner, would imply an intent to kill." This charge was error, because it withdrew from the consideration of the jury the contention made in the defendant's statement that the homicide was the result of accident.

■ In four grounds of the motion for new trial the movant complains of the admission of testimony over "timely objection." These grounds also State the movant's reasons for his contention that the court's rulings were error. These grounds are incomplete, because they fail to state what ground of objection was urged at the time the testimony was offered.

■ Two grounds of the motion assign error upon the court's charge on the defendant's statement, and on failure to charge, in connection therewith, "that the jury might believe the defendant's statement in preference to the sworn testimony in the case if they saw fit, or that they might disbelieve it if they saw fit, or that they might believe it in whole or in part,—that they might believe part of it and reject or disbelieve the remainder." The charge of the court on the subject of the prisoner's statement was in compliance with the Penal Code (1910), § 1036. If the movant desired the elaboration stated above, the same should have been duly requested in writing.

■ No ruling is made upon the sufficiency of the evidence, because the case is remanded for a new trial.

*Judgment reversed. All the Justices concur, except*

GILBERT and HINES, JJ., dissenting. One ground of the motion for a new trial complains that the court instructed the jury as follows: "It is necessary, in the determination of your verdict in this case, for you to determine the character of the instrument used which resulted in the death of the deceased. If you determine that the instrument used, in the manner in which it was used upon that occasion, was a weapon likely to produce death, and that from the use of the weapon in the manner in which it was used the death of the deceased ensued, the law, from the use of the weapon in such manner, would imply an intent to kill." This excerpt states a correct abstract principle. *Flannigan* v. *State*, 135 *Ga.* 221 (4) (69 S. E. 171) ; *Boone* v. *State*, 145 *Ga.* 37 (2), 39 (88 S. E. 558). Therefore the instruction was not "contrary to law." It is not error for the other reasons assigned, to wit: that it was "an expression of opinion of the court;" that it "antici-

pated" that the jury would find that an instrument was used; that the instrument caused the death; that it was an expression of opinion that "the deceased was killed," and that "the corpus delicti had been established and as to the manner in which the deceased met his death." There was no conflict between the State and the accused as to the following facts: "the deceased was killed;" he was killed by a shotgun in the hands of the accused. The defendant introduced no evidence, but "stated" that he held the gun in his hands, and that the deceased, while in a wordy altercation with another person, "give my gun a jerk and twist this way, and I wasn't expecting it, and I jerked back and the gun fired, and the old man says—Oh." The expression of opinion forbidden by law is for the trial judge to express or intimate an opinion as to what has or has not *been proved,* or as to the *guilt of the accused.* Penal Code (1910), § 1058. The above excerpt from the charge does not offend this law. *Johnson* v. *State,* 30 *Ga.* 426 (5); *Springfield* v. *State,* 125 *Ga.* 281 (54 S. E. 172); *Georgia &c. R. Co.* v. *Jernigan,* 128 *Ga.* 501, 503 (57 S. E. 791); *Jones* v. *State,* 130 *Ga.* 274, 286 (60 S. E. 840); *Taylor* v. *State,* 135 *Ga.* 622, 625 (70 S. E. 237); *Thomas* v. *State,* 27 *Ga. App.* 38, 40 (107 S. E. 418).

It is argued that this charge took away from the consideration of the jury the contention of the defendant, as made in his statement, that the homicide was due to an accident. In *Vaughn* v. *State,* 88 *Ga.* 731 (16 S. E. 64), exception was taken to a charge of the court in several respects, one of which was as follows: "Where the State proves the fact of the killing by the defendant, the law presumes that the killing was murder, and that it then becomes incumbent on the defendant to show to the jury by evidence that it was either justifiable homicide or some grade of homicide below murder." In the *Vaughn* case, as in this case, there was nothing to contradict the State's evidence, except the statement of the accused; but it was argued that the charge just quoted was error, because it took away the contention made by the accused in his statement. Chief Justice Bleckley, speaking for the court, said: "The jury trying a criminal case are sworn to give a true verdict according to evidence. It is important for them not to confound the prisoner's statement with the evidence or the evidence with the statement. The statute allows them to give the statement such force as they think proper, and even to believe

it in preference to the sworn testimony. In charging them the court should keep the evidence distinct from the statement and shape the general tenor of the charge by the evidence alone and the law applicable to it. For if the court should mingle evidence and statement together, the jury might find it difficult to separate them and might fail to understand the import of the instructions delivered from the bench. At some stage of the charge the statutory provisions touching the statement ought to be made known to the jury, and this, as has frequently been suggested by this court, is usually enough to say touching the statement. The statute on that subject is so plain and explicit as to need no exposition or comment. If, however, a special request to charge on any matter of defence set up in the statement is made in writing, the request ought to be granted when the charge requested is applicable to the matter of the statement and expressed in appropriate terms. This is the best method of conducting the somewhat complicated and anomalous system of trial which prevails in this State in consequence of the statutory privilege of annexing unsworn statement to the sworn testimony. The statement may have the effect of explaining, supporting, weakening or overcoming the evidence, but still it is something different from the evidence, and to confound one with the other, either explicity or implicitly, would be confusing and often misleading. The jury are to give the statement such force as they think proper. Its rightful force may be either against the prisoner or for him, or it may be entitled to none whatever. The jury are to deal with it on the plane of statement and not on the plane of evidence, and may derive from it such aid as they can in reaching the truth. The law fixes no value upon it; it is a legal blank. The jury may stamp it with such value as they think belongs to it."

The court fairly and fully instructed the jury on the law of accident and on the defendant's statement. The homicide occurred in December, 1918. The accused fled, and was not apprehended until February, 1928, in the State of Florida. His conviction resulted in a sentence as provided by law.