20577.  JEFFORDS *v.* THE STATE.

Decided July 15, 1930.

*J. T. Powell, Henry O. Farr,* for plaintiff in error.

*W. B. Gibbs, solicitor-general, Conyers & Gowen,* contra.

BLOODWORTH, J. The accused was tried for murder and found guilty of voluntary manslaughter. The motion for a new trial contains a number of assignments of error, all of which are dealt with in the headnotes. In this opinion we will discuss only the instructions of the court referred to in the first headnote. The charge of which complaint is made in special ground 1 of the motion for a new trial is as follows: "You have heard the indictment read and you will have it out with you in the jury room. You may look to it to see what the charge is. Briefly stated, it charges the defendant, H. V. Jeffords, with the murder of Charlton Wright in this county by the use of a pistol." The charge complained of in special ground 2 of the motion is as follows: "The State contends that it has carried that burden and established the defendant guilty as charged in the bill of indictment. The defendant contends that he is not guilty and that the State has failed to establish his guilt, [and] that he is entitled to an acquittal. That makes the issue for you to pass upon, under the law and evidence, and decide whether or not the defendant has been shown to be guilty of the crime charged against him and ought to be convicted, or whether the State has failed to show that he is guilty of the crime charged against him and whether he is entitled to an acquittal under the law and evidence." The foregoing quotations from the charge are from that portion in which the judge is stating the contentions of the defendant. In *City & Suburban Railway* v. *Findley,* 76 *Ga.* 311 (3), it was held that "It is the right and duty of the presiding judge to state to the jury the several contentions between

the parties, the only restriction being that he shall state them fairly to each side." There is no claim that these contentions were not fairly stated. See *Standard Oil Co. v. Parrish,* 40 *Ga. App.* 814 (151 S. E. 541).

The excerpt from the charge incorporated in the 3d special ground of the motion is as follows: "Now the defendant is not a witness and is not sworn, but the law provides that he may make a statement to the jury not under oath, and it provides further that such statement as he may see fit to make in his defense may be considered by the jury, and it is their duty to give his statement just such weight and force as they may think right to give it. The jury may believe all of it; they may believe a part of it; and they may believe his statement in preference to the sworn testimony in the case; and when I refer to the evidence in this case it is to be understood as including the statement, for whatever weight and credit you may think right to give it, as already stated." This part of the charge ·is in substantial compliance with section 1036 of the Penal Code of 1910, and is not erroneous for any reason given. *Bailey* v. *State,* 167 *Ga.* 318 (3), 319 (145 S. E. 456); *Chancey* v. *State,* 145 *Ga.* 12 (2) (88 S. E. 205); *Harper* v. *State,* 139 *Ga.* 774 (5); *Parker* v. *State,* 1 *Ga. App.* 781 (57 S. E. 1028).

Special ground 4 of the motion contains the following quotation from the charge: "Now if, upon considering the evidence in this case, you find there is a conflict in the testimony between the witnesses, or the witnesses and the defendant's statement, it is your duty to reconcile this conflict, if you can, without imputing perjury to any witness and without imputing a false statement to the defendant, if you can do so." This excerpt from the charge is not erroneous for any reason assigned.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*