## 33535.   SMITH *v.* THE STATE.

DECIDED OCTOBER 25, 1951.  REHEARING DENIED DECEMBER 10, 1951.

132

H. G. Vandiviere, Ben F. Smith, W. L. Denton, for plaintiff in error.

Hal Hutchens, Solicitor-General, W. A. Foster Jr., contra.

MacIntyre, P. J. ■ "To support a conviction of arson, it is necessary to show that the burning was not due to accidental or providential cause." *Sutton v. State*, 17 *Ga. App.* 713 (88 S. E. 122).

■ " 'It is not often possible to make out a case of arson by direct proof establishing the corpus delicti or showing the connection of the defendant with the commission of the crime, for arson is seldom committed except at an hour when there is small chance that the criminal will be actually observed in the execution of his nefarious purpose, and it is also generally easy to commit the crime by stealth, without the help of an accomplice, without the beating of drums or blare of trumpets or any betraying noises; and therefore circumstances must generally be depended upon not only to show the guilt of the accused, but to establish the corpus delicti. The rule that the circumstances proved should exclude every other reasonable hypothesis save the guilt of the accused should not be relaxed; but it does not follow that the criminal must go unwhipped of justice because absolute proof is not presented by the State. If there be enough shown to convince the jury beyond a reasonable doubt that the guilt of the accused has been established to the exclusion of every other reasonable hypothesis, and no other reasonable hypothesis is suggested by the evidence, and there is nothing to indicate that

the jury failed to accord to the defendant every consideration to which he was entitled, a reviewing court will not arbitrarily say that the conviction should be set aside.' *Wade* v. *State*, 16 *Ga. App.* 163, 167 (84 S. E. 593), and see State *v.* Wenger, 47 Wyom. 401 (38 Pac. 2d, 339), where this language of the *Wade* case was quoted with approval. 'To sustain a conviction, it is not required that the evidence exclude every possibility or every inference that may be drawn from proved facts. It is only necessary to exclude reasonable inferences and reasonable hypotheses which may be drawn from the evidence under all the facts and circumstances surrounding the particular case.' *Graves* v. *State*, 71 *Ga. App.* 96, 97 (30 S. E. 2d, 212); *Smith* v. *State*, 64 *Ga.* 605." *Grimes* v. *State*, 79 *Ga. App.* 489, 502 (54 S. E. 2d, 302).

■ Applying the foregoing rules to the evidence in the instant case, the jury was authorized to find the defendant, Roy Smith, guilty of arson. There were facts in evidence from which the jury could infer that the origin of the fire was neither accidental nor providential. The only fire kindled in the house on the morning the house was destroyed was built in the kitchen stove. The fuel used was splinters which were ordinarily consumed in about thirty minutes. Mrs. Sarah Smith had built the fire in the kitchen stove, cooked breakfast, and had left the house at about 7:15 a.m. The fire was not replenished after that time. She returned to the house a few minutes later to instruct her mother, Mrs. Maxwell, to go to the Wigley home for the day. Mrs. Maxwell left the house at about 7:45 a.m. The house was not on fire at that time. The stove was in good condition. The electric lights were in good condition. There was no electrical disturbance or lightning on the morning in question. Between 8:30 a.m. and 9 a.m. the house was seen to be on fire and flames were coming from the front bedroom window in which room no fire had been kindled on that morning. From these facts the jury was authorized to infer that the fire was criminal in its origin.

There were also facts from which the jury could infer the defendant's connection with the origin of the fire. The defendant's ill feeling for Mrs. Sarah Smith, the occupant of the house and for Mr. Wigley, the owner of the house was established; and,

while the threat was not in itself sufficient, the defendant had threatened to put Mrs. Sarah Smith out so that she would have no place to live. The defendant, together with his wife, was seen to break into and enter the house only a few minutes before the house was discovered to be on fire, and he and his wife were seen after they left the house to park at a vantage point looking and gesticulating in the direction of the house. From these facts, together with the fact that the defendants denied their presence in or near the house on the morning in question, the jury could infer that the defendant set the fire which consumed the house.

■ "Where two persons are jointly indicted for an offense which does not require in its commission the joint act of both, but may be separately committed by either, a verdict finding one of the defendants guilty, if supported by the evidence, would be authorized," even though the other defendant was found not guilty upon the same evidence. *Easterling* v. *State*, 12 *Ga. App.* 690 (78 S. E. 140); *Page* v. *State*, 23 *Ga. App.* 548 (99 S. E. 55).

■ In special ground 1 of the amended motion for a new trial counsel for the defendant insist that although the following charge was given at their insistence and request, it was erroneous and injurious to the defendant in that it confused the jury as to the burden of proof which the State had to carry in order to authorize the jury to convict the accused, inasmuch as the court had previously charged the jury that in order to find the defendant guilty the jury must do so beyond a reasonable doubt, and the following charge complained of was the last charge given the jury with regard to the burden of proof and the court had previously charged the jury correctly as to the burden of proof which the defendant must carry with reference to his defense of alibi and at the time the court gave this latter charge he did not instruct the jury as to what he was referring to and the jury was misled and confused as to whether it would be authorized to find the defendant guilty if it believed the evidence preponderated toward his guilt or whether it must find him guilty beyond a reasonable doubt: "In determining where the preponderance of evidence lies, the jury may consider all the facts and circumstances of the case, the witnesses' manner of testifying, their intelligence, their means and opportunity for knowing the facts to which they testify, the nature of the facts to which they

testify, and the probability or improbability of their testimony, their interest or want of interest and also their personal credibility so far as the same may legitimately appear from the trial. The jury may also consider the number of the witnesses, though the preponderance is not necessarily with the greater number." The trial judge made the following notation on this special ground of the motion for a new trial: "Counsel for the defendants requested and insisted that the court give in charge to the jury § 38-107 of the Code of 1933." The language upon which error is here assigned is the exact language of Code § 38-107, and in view of the court's note to this ground that such charge was requested and insisted upon by counsel for the defendant, there is no merit in this ground. "A party may not complain of an error which he himself invited." *Gaskins* v. *State,* 12 *Ga. App.* 97 (4) (76 S. E. 777); *Brown* v. *State,* 150 *Ga.* 756 (2) (105 S. E. 289); *Caesar* v. *State,* 127 *Ga.* 710 (57 S. E. 66); *Hill* v. *State,* 147 *Ga.* 650 (95 S. E. 213).

■ In special ground 2, the defendant assigns error upon the following excerpt from the court's charge to the jury upon the ground that it "was erroneous and not sound as an abstract principle of law": "A reasonable doubt, gentlemen, the words 'reasonable doubt' have their ordinary and usual meaning. You would have a reasonable doubt if when you consider all the evidence and the defendant's statements your minds are wavering and uncertain, and if you have that doubt it would be your duty to give the benefit of it to the defendant and to acquit, that is, the defendant that you have such doubt about." This assignment of error raises only the question of whether this language complained of states a principle of law correct in the abstract. *Anderson* v. *Southern Ry. Co.,* 107 *Ga.* 500 (4) (33 S. E. 644). There is no error in this charge which is substantially the language used and approved as stating a correct principle of law in *Chancey* v. *State,* 145 *Ga.* 12 (1) (88 S. E. 205). There is no merit in this ground of the amended motion for a new trial.

■ In special ground 3 error is assigned upon the following excerpt from the court's charge to the jury: "You look to the evidence and see whether or not the property described in this indictment has been burned, and then you look to the evidence and the defendants' statements and determine what the facts are

with reference to how it was burned and if anybody burned it, and then determine the guilt or innocence of the defendants upon a fair and impartial consideration of all the evidence and all the circumstances that have been admitted for your consideration." The error assigned upon this excerpt is that it amounted to an expression of opinion by the court that the testimony of the witnesses was evidence and separated the defendants' statements from the "evidence," and was erroneous as an invasion of the jury's province to determine what is "evidence" and what is testimony or a statement, and that had the jury chosen to believe the defendants' statements then they would have been "evidence"; and the court's charge here complained of prevented the jury from so doing and confused their minds as to the weight they must give the testimony and the defendants' statements. This excerpt from the charge is not subject to the criticism lodged against it. The court gave an adequate charge on the statutory provisions touching the defendants' statements and in this excerpt the trial court was correct in following the admonitory rule of *Vaughn* v. *State*, 88 *Ga.* 731, 738 (4) (16 S. E. 64): "The jury trying a criminal case are sworn to give a true verdict according to evidence. It is important for them not to confound the prisoner's statement with the evidence or the evidence with the statement. The statute allows them to give the statement such force as they think proper, and even to believe it in preference to the sworn testimony. In charging them the court should keep the evidence distinct from the statement and shape the general tenor of the charge by the evidence alone and the law applicable to it. For if the court should mingle the evidence and statement together, the jury might find it difficult to separate them and might fail to understand the import of the instructions delivered from the bench." *Burke* v. *State*, 76 *Ga. App.* 612, 616 (47 S. E. 2d, 116); *Booker* v. *State*, 183 *Ga.* 822 (190 S. E. 356); *Green* v. *State*, 52 *Ga. App.* 290 (183 S. E. 204); *Harris* v. *State*, 52 *Ga. App.* 300 (183 S. E. 107), and citations; *Phillips* v. *State*, 58 *Ga. App.* 553 (199 S. E. 342).

■ In special ground 4 counsel for the defendant contend that the following colloquy between the trial judge and the foreman of the jury constituted coercion on the part of the judge to force the jury to reach a verdict. Court: "Well, you needn't tell me

how you stand. It is 10 o'clock, it is time to quit work I guess. We have no place to send the jury tonight. I have to keep you in the courthouse. Is there any prospect of your making a verdict pretty soon or not?" Foreman: "I don't see any, Judge. We have tried every combination, looks like." Court: "Maybe after a night's rest you can do it. Mr. Sheriff, do you have any place to take them?" Sheriff: "I don't know." Foreman: "Do we have to have a unanimous vote to determine the sentence?" Court: "You can't make a verdict unless all of you agree to it. I wouldn't mind sitting up a little longer if there is any prospect of your making a verdict. You can take charge of the jury and let them stay there as long as they want to, and when they get ready to quit, if they have not made a verdict, get them a place to stay if you can find one in town. Some jury has got to make verdict, and as far as I can tell you are qualified as well as any jury to do that. A man is not expected to give up any conscientious views that he has, but is is your duty to try to reconcile your differences and make a verdict if you can. That's all I can say to you. Do the best you can. I will be back tomorrow at 10 o'clock."

The foregoing colloquy is not subject to the criticism that it coerced the jury into returning a verdict on consideration of matters not in issue, as was the case in *Campbell* v. *State*, 81 *Ga. App.* 834 (60 S. E. 2d, 169), where the court admonished the jury to consider the expense and time for a trial, nor is it subject to the criticism that the court intimated or expressed an opinion in favor of one party as against the other, as was the case in *Peavy* v. *Clemons*, 10 *Ga. App.* 507 (73 S. E. 756), the cases upon which counsel for the defendant rely.

While it is true the court intimated that there might not be a place for the jury to stay overnight other than in the courthouse and instructed the jury that it was as well qualified as any other to reach a verdict, the court at the same time admonished the jury that no juror was expected to give up any conscientious views that he might have. The court admonished the jury to reconcile the differences but did not intimate that the jurors should in any manner compromise solely for the purpose of reaching an agreement, and we are convinced that under the rulings of the Supreme Court, the colloquy in this case

138

is not reversible error. *Yancy* v. *State,* 173 *Ga.* 685 (160 S. E. 867); *Golatt* v. *State,* 130 *Ga.* 18 (60 S. E. 107); *Gambo* v. *Dugas,* 145 *Ga.* 614 (89 S. E. 679); *Jones* v. *State,* 117 *Ga.* 710 (44 S. E. 877).

The trial court did not err in overruling the motion for a new trial for any reason assigned.

    *Judgment affirmed.*  *Gardner and Townsend, JJ., concur.*