### 3289.  POWELL *v.* THE STATE.

1. Under the special facts appearing in the record, especially as recited in the note of the trial judge qualifying the grounds of the motion for a new trial, the conviction will not be set aside because he informed the jury in the beginning of his charge that the defendant was indicted for killing Owen Folsom, when in fact the indictment charged the killing of J. O. Folsom.

2. The evidence authorized the verdict rendered, and the exceptions to the charge are not well taken.

DECIDED AUGUST 4, 1911.

Conviction of manslaughter; from Lowndes superior court—Judge Thomas.  February 14, 1911.

*James M. Johnson,* for plaintiff in error.

*J. A. Wilkes, solicitor-general, Whitaker & Dukes,* contra.

RUSSELL, J.  The indictment charged that the defendant, Tom Powell, did "kill and murder one J. O. Folsom, in the peace of the State, by then and there striking and beating the said J. O. Folsom with a certain stick of wood known as a shingle back, then and there held by him, the said Tom Powell, and then and there giving to him, the said J. O. Folsom, a mortal wound, of which the said J. O. Folsom died."  Throughout the testimony the witnesses, both for the State and the accused, spoke of the deceased as Owen Folsom, and the initials "J. O." do not appear in the brief of the testimony.  The defendant in his statement to the jury spoke of the deceased as "this Owen Folsom."  The court opened his charge to the jury in the following language: "The State of Georgia, by this indictment which you will have before you, charges the defendant, Tom Powell, with the offense of murder, alleging that he did, in the county of Lowndes, at some time previous to the return of this indictment into court, unlawfully kill, in the peace of the State, one Owen Folsom, with malice aforethought."  One of the grounds of the motion for a new trial complains that the judge thus instructed the jury that the accused was being held for killing Owen Folsom, when the indictment in fact charged the killing of J. O. Folsom; the movant alleging that there was no proof that J. O. Folsom and Owen Folsom were one and the same person.  The judge adds an explanatory note as follows:

"After the witnesses were introduced and the case was argued and the time arrived to charge the jury, counsel for the State and the defendant confronted the court, while the jury occupied the

seats to the left. The indictment was in the hands of the attorneys for the prosecution. For the purpose of ascertaining precisely the name of the deceased alleged in the indictment, in order to state the issues in the case to the jury, the court turned to the attorneys in the case, and, in the hearing and presence of the jury, inquired as to what was the name of the deceased alleged in the indictment; to which question the attorneys for the prosecution both arose and stated that the name was Owen Folsom. Counsel for the defense made no remonstrance, in fact he sat without any expression of any kind; and the court, accepting as true the statement of the attorneys, which was undenied, and turning to the jury, stated the issues as appeared in the charge, using the name of Owen Folsom, instead of J. O. Folsom. No question was ever raised, either in the arguments of counsel upon either side or before the court, as to any question as to the identity of J. O. Folsom, as alleged in the indictment, and Owen Folsom referred to by the witnesses. The case was argued to the jury by the attorneys both for the prosecution and the defense. When the defendant took the witness stand to make his statement with reference to the charges alleged in the indictment against him, which charged him with the killing of J. O. Folsom, he began by referring to 'this Owen Folsom,' as will appear from his statement incorporated in the record."

Under the facts recited, we do not think that the court committed reversible error in referring to the person alleged to be killed as "Owen Folsom." Of course, the allegata and the proof should correspond in respect to the identity of the person killed, just as it should in respect to all other material matters involved; but where the evidence suggests no actual conflict of identity, and the trial proceeds to verdict without any question being made as to it, slight evidence will be sufficient on this point.

In *Mitchum* v. *State*, 11 *Ga.* 615, the indictment charged the homicide of William R. Morris, and the proof referred merely to the killing of W. R. Morris. The court held that the variance was not fatal; and Judge Nisbet, in discussing the point, said: "It is very clear that there must be a killing before there can be murder; and it is equally clear that the prisoner can not be convicted of murder, unless he is proven to have slain the person which the indictment charges him to have murdered. On this indictment

for the murder of William R. Morris, the plaintiff in error could not be convicted upon proof that he had murdered John Stiles. So vital is this, as a practical rule, that its observance substantially must be insisted upon with strenuousness. It may be conceded that in former times such a variance would have been held decisive, and even now we are not altogether satisfied that we are right in not so holding it. We think, however, whether W. R. Morris, the person slain according to the testimony, was or was not the William R. Morris charged to have been slain in the indictment was a question safely trusted with the jury. W. R., it is true, may represent Wilson R. or Willis R.; but these letters may also represent William R. The jury had the right to consider the question of identity, not alone in the light of the testimony specially referred to, but also in the light of all the attendant circumstances. They were satisfied with the identity, as is evidenced by their verdict, and we will not disturb it on this account."

In *Robinson* v. *State, 68 Ga.* 833, it was held: "Where an indictment charged the larceny of a horse belonging to Joel W. Perry, and the evidence was that the horse belonged to 'Colonel Perry,' whom one of the witnesses called his father-in-law, the identity of the owner as charged and as proved was for the jury; and, in the absence of any conflicting testimony as to the ownership or of proof that there was any other Perry in the county, a verdict of guilty will not be set aside as contrary to law, on the ground that the probata and allegata did not agree as to ownership."

In *McLain* v. *State, 71 Ga.* 280, which is very close in its facts to the case at bar, the court ruled: "Where an indictment for murder alleged the killing of W. F. Sexton, and the witnesses spoke of the deceased as Freeman Sexton, the question of identity having been submitted to the jury, who found that the deceased, as charged and proved, was the same person, and there being evidence to support such finding, this court will not interfere." See, also, Joyce *v.* State, 32 Tenn. (2 Swan) 667; Stuart *v.* State, 60 Tenn. (1 Baxt.) 178; Rutherford *v.* State, 79 Tenn. 31.

It is true that in the present case the court did not submit the question to the jury, but told them directly that the defendant was indicted for killing Owen Folsom; but this statement must be taken in connection with the judge's qualifying note. He was beginning his charge; he did not have the indictment before him;

counsel both for the State and the accused were sitting just in front of him, and the solicitor-general had the indictment in his hand. The judge asked the name of the person for whose killing the defendant was indicted; the question being addressed to counsel generally. State's counsel said, "Owen Folsom." The judge looked to the defendant's counsel, and he made no dissent, and we think that the only reasonable and fair construction to put upon his silence under all the circumstances is to construe it as an acquiescence. It was silence at a time when proper respect for the court and the duty of counsel to make objection, if he had any, to the information given by the other attorney demanded that counsel for the accused should speak out, or thereafter forever hold his peace.

Counsel for the plaintiff in error strenuously argues that a new trial should be granted on the point we have just been discussing, because, as he says, the present conviction under the indictment charging the homicide of J. O. Folsom will not bar a subsequent prosecution for the killing of Owen Folsom; that if the State were now to bring a new indictment charging the killing of Owen Folsom, and he should attach a copy of the present indictment to his special plea of autrefois convict, the plea would be demurrable for the variance. All the defendant would have to do in order to avoid liability to demurrer on this ground would be to allege that Owen Folsom and J. O. Folsom were the same person; for in this State the "same-transaction test" is the one recognized by the courts.

The errors assigned upon the charge are not well taken, and the requests to charge submitted by the accused were fairly and fully covered in the general charge. *Judgment affirmed.*