TAYLOR *v*. THE STATE.

LUMPKIN, J. 1. The evidence in this case did not present any theory of a forcible attack or invasion of the property of another by the person killed, or of any attempt by him in a riotous and tumultuous manner to enter the habitation of another for the purpose of assaulting or offering personal violence to any person dwelling or being therein. There was accordingly no error in omitting to charge the law applicable to such a theory.

2. Nor did the evidence present any theory of voluntary manslaughter, so as to require a charge on that subject.

3. Although the presiding judge, in instructing the jury, twice erroneously called the surname of the person alleged to have been killed, mentioning by accident the name of a person who appeared on the indictment as a witness, yet where he referred to the indictment as alleging the name of the person killed, and from the indictment, the evidence, and the entire charge it is plain that the jury could not have been misled as to the person who was charged to have been killed, such lapsus linguæ will not require a new trial.

4. Where an indictment for murder alleged that the person killed was named Charlie Bonner, and the evidence showed that such was the case, the fact that a witness for the State testified that the deceased was a boy and was named after his father, did not furnish ground for ruling out the testimony of such witness as to the killing of the son, because the indictment did not allege that "Charlie Bonner Jr." was killed.

5. That the name of a witness offered by the State was not indorsed on the indictment, or, if it was so indorsed, that he had not in fact testified before the grand jury, furnished no ground for excluding his testimony,

6. The evidence was sufficient to support the verdict, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

NOVEMBER 13, 1912.

Indictment for murder. Before Judge J. B. Park. Baldwin superior court. September 23, 1912.

*Sibley & Sibley*, for plaintiff in error. *T. S. Felder, attorney-general*, and *J. E. Pottle, solicitor-general*, contra.