## 9478.  HALL *v.* THE STATE.

BLOODWORTH, J.  1. This court can not say that the trial judge abused his discretion in overruling the original motion to continue the case, or the motion to continue made after the filing of the plea in abatement.

(a) "All applications for continuances are addressed to the sound legal discretion of the court."  Penal Code (1910), § 992.

(b) "While ample time to prepare for trial should be allowed to one accused of crime, it is the duty of a defendant, who has given bond for his appearance at a specified term of the . . . court, to employ counsel and take any other steps essential to his defense, in advance of the term of court at which he is bound to appear."  *Walker* v. *State,* 11 *Ga. App.* 251 (74 S. E. 1100).

(c) "In order for this court to control the discretion of the trial judge in refusing to grant a motion for the postponement of a criminal case to allow counsel to prepare for trial, it is necessary that it should appear that a gross mistake has been made by the trial judge, or that he has displayed a want of consideration for the rights of the accused."  *Harris* v. *State,* 119 *Ga.* 114 (45 S. E. 973).

2. Although the accused at the time of the trial was under bond, the court did not err in refusing to declare a mistrial because "the solicitor-general, when a juror had answered all the questions showing [him] to be competent, would then state, 'The juror is competent,' and in each instance, while the juror was standing in full view of and facing the defendant, the solicitor-general would say, 'Juror, look upon the prisoner. Prisoner, look upon the juror;' speaking these words in strong tones; and called upon the individual jurors to look upon the defendant, and designated him as the prisoner."  *Allen* v. *State,* 18 *Ga. App.* 1 (1), 4 (88 S. E. 100).

3. Under the facts of this case it was not error to admit, over the objections urged, the answer of H. Giddens, a witness for the State, to a question of the solicitor-general, as to why he was sent and why he went to the place where the cattle had been butchered:  "We are missing some cows down there, and he sent me in there to look out for somebody butchering beeves."  Penal Code (1910), § 1023; *Stevens* v. *State,* 77 *Ga.* 310 (2) (2 S. E. 684); *Cody* v. *State,* 124 *Ga.* 446 (52 S. E. 750).

4. Grounds of a motion for a new trial should be complete in themselves; and when a particular ground is under consideration, reference to other grounds, or to the brief of evidence, should not be required in order to understand the assignments of error, or to know whether the errors,

if there were any were reversible. *Bowen* v. *Smith-Hall Grocery Co.,* 146 *Ga.* 157 (4) (91 S. E. 32); *Smiley* v. *Smiley,* 144 *Ga.* 546 (2) (87 S. E. 668); *Southern Railway Co.* v. *Williams,* 19 *Ga. App.* 544 (4) (91 S. E. 1001). Under this ruling the 5th, 6th, and 7th grounds of the amendment to the motion for a new trial can not be considered.

5. No error was committed in refusing to allow in evidence the map of Coffee county, made by one Peterson, as to which the witness testified in part as follows: "I could not swear that it is a correct map of Coffee county, and I don't know whether it represents all the land in Coffee county. . . . It has not a certificate of the Secretary of State upon it certifying it to be a correct map. . . I don't know whether it was taken from an original map of Coffee county. I don't know anything about the original map, and I didn't see it made." Nor was it error to rule out the evidence of the witness Cornelius in reference to the map.

6. Grounds 9 and 10 of the motion for a new trial are based on the fact that certain evidence was admitted one day and allowed to remain with the jury until the next, when it was ruled out. When this evidence was originally offered, the judge said: "I will let it go in for the present." In ruling it out he said: "The evidence of William Fender, where he testified that Ike Moore said, 'I have been handling some beef this afternoon, and this old mule is a fool,' that statement with reference to that is ruled out, and you need not consider that statement in making your verdict." When considered in connection with all the proved facts in the case, this evidence was not of such a character as to take it out of the general rule that when testimony is erroneously admitted the error is cured if subsequently the trial judge rules the evidence out and instructs the jury to disregard it. See *Rentfrow* v. *State,* 123 *Ga.* 539 (51 S. E. 596), where it was said: "It appears that before the argument began the court ruled out the evidence objected to, and instructed the jury to disregard it; and so, conceding that the admission of the evidence in the first place was erroneous, that error was completely cured, and the accused has no ground for complaint." See also *Smith* v. *State,* 16 *Ga. App.* 691 (85 S. E. 973).

7. The court did not err in overruling all of the motions of the defendant to declare a mistrial.

8. As qualified by the presiding judge there is no merit in ground 11 of the motion for a new trial.

9. There is evidence to support the verdict.

     *Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*

    DECIDED APRIL 2, 1918. REHEARING DENIED MAY 1, 1918.

Indictment for larceny of cow; from Coffee superior court— Judge Summerall. December 28, 1917.

*Chastain & Henson, W. W. Bennett,* for plaintiff in error.

*M. D. Dickerson, solicitor-general, Wallace & Luke,* contra.

### ON MOTION FOR REHEARING.

BLOODWORTH, J. The original opinion in this case as agreed

8

upon by the court covered every issue raised by the motion for a new trial, but, by the inadvertence of the writer, the copy furnished the reporter did not conform to the opinion agreed upon. This oversight has been remedied and a correct copy has been filed.

In the motion for rehearing it is said that paragraph 6 of the decision (in reference to grounds 9 and 10 of the amendment to the motion for a new trial) did not pass upon certain assignments of error with reference to the admission of certain testimony. When the ruling of the lower court is construed in connection with the objection to the evidence, we think the only proper construction the jury could put upon the ruling of the judge, that the evidence of Mr. William Fender with reference to the statement of Ike Moore was ruled out, was that the ruling referred to all the evidence of Mr. Fender with reference to the statement of Ike Moore.

In the motion for rehearing it is insisted that the court overlooked the contention of the plaintiff in error that the evidence did not authorize a conviction, because there was no proof that M. M. Giddens, alleged in the indictment to be the owner of the stolen cattle, was the same person as Mose Giddens, clearly shown by the evidence to be the owner of said property. This point was covered by the last paragraph of the decision: "There is evidence to support the verdict." While no witness swore directly that M. M. Giddens and Mose Giddens were one and the same person, the evidence authorized the jury to infer that M. M. is Mose. It is not insisted that M. M. and Mose are in fact two different persons, nor that M. M., alleged in the indictment to be the owner of the stolen property, was a different person from Mose, shown by the evidence to be the owner thereof. "The identity of the owner as charged, and as proved, was for the jury." *Robinson* v. *State,* 68 *Ga.* 833 (2). "The jury had the right to consider the question of identity, not alone in the light of the testimony specially referred to, but also in the light of all the attendant circumstances. They were satisfied with the identity, as is evidenced by their verdict, and we will not disturb it on this account." *Mitchum* v. *State,* 11 *Ga.* 615, 620; *McLain* v. *State,* 71 *Ga.* 279 (6); *Powell* v. *State,* 9 *Ga. App.* 614-616 (71 S. E. 1013).        *Rehearing denied.*