## 24273. LANIER *v.* THE STATE.

DECIDED NOVEMBER 13, 1934.

*Deal & Renfroe, D. C. Jones,* for plaintiff in error.

*W. G. Neville, solicitor-general, Prince H. Preston Jr.,* contra.

BROYLES, C. J. Adcus Lanier was charged with murder and convicted of voluntary manslaughter. He assigns error on the overruling of his motion for a new trial.

The 4th ground of the motion for a new trial alleges error because x-ray pictures were admitted in evidence which the doctor, who made the pictures, identified as pictures of J. T. Starling, and the name of the deceased was J. L. Starling. The indictment named the deceased as Johnnie Starling. and the witnesses in the main referred to him as Johnnie Starling. The record shows that he was the only one killed and the only one of whom x-ray pictures were made. Under the record in the case, this error by one witness as to one initial of the deceased could not have misled the jury. The jury well knew from all the facts and circumstances in the case, that Johnnie Starling, the man who was killed, was the man of whom the x-ray pictures were made; and this ground of the

motion is without merit. See *Taylor* v. *State,* 138 *Ga.* 826 (3) (76 S. E. 347); *Powell* v. *State,* 9 *Ga. App.* 614 (71 S. E. 1013).

The 6th ground of the motion for a new trial alleges that the court erred in failing to instruct the jury as to the law of assault and battery. The indictment alleged that the defendant "did then and there, unlawfully and with force and arms, make an *assault* in and upon one Johnnie Starling . . and did kill and murder by *hitting and beating* the said Johnnie Starling with a certain glass bottle . . giving to the said Johnnie Starling then and there a mortal wound, of which mortal wound the said Johnnie· Starling died." (Italics ours.) There was ample evidence to show that one Wallace Lanier, brother of the defendant, was engaged in a playful tussle with Starling at a country store and filling station; that the defendant and Starling were both drinking, the defendant having pulled out a pint bottle of liquor that had a drink or two taken out of it, and said "Boys, let's have a drink;" that one Ben Hughes, proprietor of the business, sensing that trouble might arise from this play, took hold of Starling and started with him toward the car to get him home; that Starling, who was drunk, then used a· vile epithet which was addressed to no one in particular, and which, under the circumstances, could have been intended to apply to Hughes, who was pulling him away, or to Wallace Lanier, with whom he had been tussling; that Adcus Lanier, the defendant, then hit him with a small pint-bottle and he fell, and Wallace Lanier then jumped on him and beat him with his fist while he was down. This happened on a Saturday night, and Starling died on the following Tuesday morning, death resulting from fracture of the fifth and sixth cervical vertebræ, which were pressing on the spinal cord. The defendant admitted that he had a bottle of whisky, but stated that Starling looked at *him* when he used the vile epithet, and "made a lick at me and hit me on the left side of the face and lifted my glasses, and I hit him with my fist. . . I had no intention whatever of killing this man." Witnesses for the State testified that Starling made no effort at any time to hit anybody.

It is clear that the offense of assault and battery is included in the charge of murder as set out in this indictment, and that the evidence adduced on the trial applies thereto. It was the province of the jury to determine whether the weapon used and in the manner used was one likely to produce death, and whether the defend-

ant hit the deceased with a bottle as contended by the State, or hit him with his fist as contended by the defendant. A verdict for assault and battery could have been found under the indictment and the evidence. As stated in *Watson* v. *State,* 116 *Ga.* 607 (4) (43 S. E. 32, 21 L. R. A. (N. S.) 1), "Under an indictment for murder the accused may be convicted of a lower grade of felony, or even of a misdemeanor, if the lesser offense is one involved in the homicide." And in *Wood* v. *State,* 48 *Ga.* 294 (15 Am. R. 664), a seduction case, the court said: "It is a settled rule that under a charge of a higher offense of the same nature, if the higher necessarily includes the lower, the jury may find the defendant guilty of the lower. As in murder the jury may convict of manslaughter, assault and battery, or even of assault." In *Whilden* v. *State,* 25 *Ga.* 398, 399 (71 Am. D. 181), the court said: "It is laid down by Lord Hale as a general principle, that the jury 'may find the defendant guilty of part and not guilty of the rest.'" See also *Mitchell* v. *State,* 6 *Ga. App.* 554 (2) (65 S. E. 326). "With or without request it is the duty of the court to present to the jury all the law applicable to the case. . . Errors of omission are as fatal as errors of commission. The judges below are bound to know the law applicable to the case, and must give it in charge to the jury. This is imperative, and overwhelming in its convictions and direction of duty." *Hill* v. *State,* 41 *Ga.* 505. "Under the proof in this case, the jury should have been given the discretion to convict of a lower offense included in the higher felony charged, if they believed the evidence did not show a specific intent to kill." *Ripley* v. *State,* 7 *Ga. App.* 679 (3) (67 S. E. 834). See also *Powell* v. *State,* 7 *Ga. App.* 744 (67 S. E. 1048).

■ None of the other special grounds of the motion for a new trial is meritorious; and solely for the reason stated in the second headnote is the judgment

<div align="right">

*Reversed. MacIntyre and Guerry, JJ., concur.*