## FLOYD *v.* THE STATE.

PER CURIAM. The defendant was convicted of murder, and excepted to the overruling of his motion for a new trial. The indictment alleged that he killed the deceased by hitting and striking him "with a certain blunt instrument to the jurors unknown, and a certain automobile which he [the defendant] had and held." Upon the trial the judge charged the jury, "that there is no evidence that the defendant was killed by an automobile, and you will not consider that feature of the case; you will only consider whether he met his death in the manner described by the use of some blunt instrument." This charge was assigned as error, "because it usurped the function of the jury to determine the manner in which the deceased met his death." The State had offered evidence for the purpose of showing that the defendant had killed the deceased maliciously with some blunt instrument other than an automobile. *Held:*

1. There being some evidence that the defendant killed the deceased by striking and running over him with an automobile, and there being therefore an issue under the evidence as to whether the deceased was killed by an automobile or some blunt instrument other than an automobile, the charge was erroneous, as contended. The charge was prejudicial in that if the killing was done with an automobile, as alleged, the jury could under the evidence have found the defendant guilty of a lesser grade of homicide than that of which he was convicted.

2. The evidence involved the offense of involuntary manslaughter in the commission of an unlawful act, and the court erred in failing to charge the law applicable to this offense, such unlawful act being the driving of an automobile at night without such lights as are prescribed by law (Code, §§ 68-302, 68-9908), there being some evidence, circumstantial in nature, of such unlawful operation of the vehicle.

3. The evidence involved the offense of involuntary manslaughter in the commission of a lawful act without due caution and circumspection, and the court erred in failing to charge the law applicable to this offense.

4. Under the foregoing rulings, it was error to refuse a new trial.

*Judgment reversed. All the Justices concur, except Jenkins and Grice, JJ., who dissent.*

No. 12346. JUNE 25, 1938.

*L. F. Watson* and *R. Earl Camp,* for plaintiff in error.

*M. J. Yeomans, attorney-general, J. Roy Rowland, solicitor-general, E. J. Clower,* and *Duke Davis,* contra.