## 32963. RIDLEY *v.* THE STATE.

GARDNER, J. 1. The defendant and his brother, Murphy Ridley, were indicted upon an indictment which charged substantially that they did "assault and beat Basil Cox, a human being, with a certain blunt instrument, the exact kind and description being to the grand jurors unknown, the same being then and there a weapon likely to produce death, and with malice aforethought did strike and beat the said Basil Cox in the body, head, limb, face, and stomach, thereby inflicting upon the said Basil Cox certain mortal wounds from which the said Basil Cox then and there died." The defendants were tried together. The jury returned a verdict of not guilty against Murphy Ridley, the brother of the defendant and returned a verdict of guilty against the defendant for voluntary manslaughter. The defendant filed a motion for a new trial on the general grounds and several special grounds which we will deal with separately hereinafter. We will not here attempt to set out the evidence but will discuss the evidence under each contention as it may arise, in order to illustrate the question then under consideration.

2. We will first discuss the issue which concerns a note made by the court in overruling the motion for a new trial. The occasion which brings this contention into the issue is that the defendant contended in his motion that a verdict of voluntary manslaughter was unauthorized by the evidence, whereupon the court attached upon the amended motion the following note; "Note by the court: Both counsel for movant and for the State in their arguments took the position and argued to to the jury that this case was one of either murder or justifiable homicide."

It is the contention of the State that since counsel for the defendant

argued to the jury that his client was guilty of murder or justifiable homicide, that the defendant could not legally in his motion for a new trial assign error upon a verdict of voluntary manslaughter. This is on the theory that since counsel for both the defendant and the State contended in their arguments that under the evidence only one of two possible verdicts could be returned, guilty of murder or not guilty of any offense. In the beginning, it seems to us quite clear that if there was error on the part of the court in charging voluntary manslaughter because there was no evidence to support such a verdict, that the court was not led into error by the contentions of either counsel for the State or for the defendant. This simply for the reason that the court did not follow the arguments of either the State or the defendant, to the jury, and charged voluntary manslaughter against the contentions of both sides. Therefore, if any error there be in the charge, the trial court is responsible. It would be different if counsel for the defendant upon inquiry by the court or otherwise, had stated to the court that his position was, under the evidence, that his client was guilty of murder or justifiable homicide. Counsel for the State submitted to sustain his position the cases of *Brown* v. *State,* 150 *Ga.* 756 (105 S. E. 289); *Threlkeld* v. *State,* 128 *Ga.* 660 (1) (58 S. E. 49); *Tanner* v. *State,* 163 *Ga.* 121 (135 S. E. 917); *Coney* v. *State,* 90 *Ga.* 140, 142 (15 S. E. 746). A careful reading of these cases under their facts, did not sustain the position of the State. The instant case is controlled by *Hill* v. *State,* 147 *Ga.* 650 (95 S. E. 213); *Andrews* v. *State,* 134 *Ga.* 71 (67 S. E. 422); *Horton* v. *State,* 120 *Ga.* 307 (47 S. E. 969); *Perry* v. *State,* 185 *Ga.* 408 (195 S. E. 175). So it is under the facts of this case and the law applicable thereto, that the defendant is not estopped from assigning error on the ground that the evidence does not support a verdict of voluntary manslaughter and neither was there any error or impropriety in the court submitting the principles of voluntary manslaughter, providing the evidence sustained the charge under the indictment. As to whether it did or did not, we will discuss this question later.

3. We will now discuss the amended grounds of the motion for a new trial in their order. The first ground of the amended motion assigns error upon the failure of the court to charge the offense of involuntary manslaughter in the commission of an unlawful act. Without going generally into the evidence, it shows that the deceased came to his death by a blow with the fist or hand on the head, which knocked him to the ground, and while on the ground he was kicked two or three times with a shod foot and that he had bruises about his head and body and concerning which blows the doctors testified produced his death. As to this, there seems little controversy. There is evidence which would authorize the jury to find that the blows caused the death of the deceased without any intention to take his life. At least the record reveals there was a doubt as to whether or not the blows were inflicted with or without the intention to kill. If without, it would be involuntary manslaughter either in the commission of an unlawful act or in the commission of a lawful act without due caution and circumspection. It must be kept in mind that the evidence does not reveal that the

weapon used was a weapon deadly per se, in the manner ordinarily used to kill. But there are weapons too numerous to name not deadly per se, but which may produce death, or which are likely to produce death when used in such a manner as could or does produce death. The latter class of weapons when used in such a manner which could or does produce death, raises no presumption of an intention to take human life. Not so with a weapon deadly per se, used in its ordinary manner to kill which does or could produce death. In the latter instance, the presumption to take human life arises. In the use of a weapon not deadly per se, and death results if the killing is intentional, it is voluntary manslaughter; if unintentional, it is one of two phases of involuntary manslaughter. There are numerous dscisions to the effect that where there is the slightest doubt as to whether any phase of manslaughter either voluntary or involuntary is involved, the court should submit these principles of law to the jury. Under the evidence in this case involuntary manslaughter in the commission of an unlawful act is involved, and the court erred in failing to submit involuntary manslaughter in the commission of an unlawful act. See, in this connection, *Wager* v. *State,* 74 *Ga. App.* 729, (41 S. E. 2d, 342). There are many other cases which we deem useless to cite.

4. Special ground 2, assigns error upon the failure of the court to charge involuntary manslaughter in the commission of a lawful act without due caution and circumspection. By the same reasoning as set out in special ground 1, and the authorities cited therein, and by additional authority as contained in *Warnack* v. *State,* 3 *Ga. App.* 590 (60 S. E. 288), and *Dorsey* v. *State,* 126 *Ga.* 634 (55 S. E. 479), the court committed reversible error. In the latter case, the Supreme Court said: "The judge instructed the jury fully on the law of murder, voluntary manslaughter, and homicide resulting from reasonable fears by the slayer, as well as homicide resulting from mutual combat. The charge contained no reference whatever to the law of involuntary manslaughter. One of the assignments of error is based upon the failure of the judge to instruct the jury upon this subject, and this assignment is strenuously insisted upon by counsel. The weapon used was before the jury, and it was for them to determine, by an inspection of the weapon, whether it was one likely to produce death. The jury should have been fully instructed as to their duties in reference to this question; and the law applicable to any phase of the case resulting from their finding as to the character of the weapon should have been embraced in the instructions of the judge. If they found that the weapon used was one likely to produce death, in the manner in which it was used, then, if the accused was not justified under some rule of law in using the weapon in the manner and at the time at which he used it, he would be guilty of murder or of voluntary manslaughter, according to whether they believed that the blow was struck from malice, or as a result of passion not brought about by words alone. If the jury should find that the weapon was one which would not ordinarily produce death, and therefore was not a deadly weapon, and the circumstances demonstrated to the satisfaction of the jury that there was no intention to kill, then, even though the blow was not justified, the ac-

cused would be guilty only of the offense of involuntary manslaughter; the grade of which he would be convicted to be determined by whether the blow was inflicted as a result of an unlawful act, or whether, under the circumstances, he was justified in striking a blow, but in administering it did not use due care and circumspection." The court committed reversible error on the evidence of this case in not submitting to the jury involuntary manslaughter in the commission of a lawful act without due caution and circumspection.

5. Special ground 3, assigns error on the failure of the court to charge assault and battery. We think that the evidence would have warranted a verdict of guilty of assault and battery against Murphy Ridley, the brother of the defendant but insofar as the evidence shows, against the defendant, E. D. Ridley, assault and battery is not involved and the court committed no error in failing to charge it. The evidence in this case as it relates to the defendant is distinguishable by its facts from the case of *Lanier* v. *State*, 50 *Ga. App.* 154 (177 S. E. 270).

6. Special ground 4, assigns error upon the action of the court in charging the jury on the offense of voluntary manslaughter. In this connection we may say as above stated, that the defendant knocked the deceased down and then kicked him two or three times with his shoe, about the mid-section and probably on the face, and inflicted wounds from which the deceased died shortly thereafter. It was a jury question, under all the facts of this case as to whether the defendant inflicted the wounds in the manner he did and under the circumstances he did, with intent to take the life of the deceased. Certainly there was a doubt as to whether the defendant acted under the influence of an unlawful passion aroused under all the circumstances of the occasion as revealed by the evidence or whether he inflicted the wounds without intention to kill, in the commission of an unlawful act or a lawful act without due caution and circumspection, or whether he inflicted the wounds which produced the death of the deceased with malice, or whether all in all, the defendant was justified in what he did. All these are jury questions. The evidence did not demand either of the verdicts which the jury were authorized to return under this record, to wit: 1. For murder as contended by the State; or a verdict for justification as contended by the defendant; or voluntary manslaughter; or involuntary manslaughter in either of its phases. The evidence and the defendant's statement would authorize either of the verdicts above enumerated, and the court should have instructed the jury as to the law concerning each and all of them.

*Judgment reversed. MacIntyre, P.J., and Townsend, J., concur.*

DECIDED JUNE 6, 1950.

*Mitchell & Mitchell, C. A. Pannell,* for plaintiff in error.
*Warren Akin, Solicitor-General, W. B. Robinson,* contra.