## 35644. Maner *v.* The State.

Carlisle, J. 1. Where, on the trial of one charged with the murder of his brother by shooting him with a rifle, the jury would have been authorized to find from all the evidence and the defendant's statement to the jury: that the accused was guilty of murder, in that he shot his brother in anger during or shortly after an argument over a pair of socks; or to find that the accused was justified in killing his brother, in that he did so in defense of himself or their mother from a murderous attack by the brother, either on their mother or on the accused, with a roofing knife or pocket knife; or that the accused was guilty of voluntary manslaughter, in that he killed his brother during a physical encounter between them, and in the heat of passion, when the brother was attempting to commit a serious physical injury upon the accused or their mother; or to find that the accused was guilty of involuntary manslaughter, in that he killed his brother, without any intention to do so, when the rifle fired accidentally while the accused was pointing it at the brother in an effort to frighten him; or to find that the killing was entirely the result of accident or misfortune, in that the accused was justified in pointing the rifle at his brother in an effort to control him and prevent an assault upon himself or their mother, and that the rifle fired accidentally when the stock of the rifle was struck by a door's swinging closed—this court will not disturb a verdict finding the accused guilty of voluntary manslaughter, as such a verdict was authorized by the evidence.

2. And where, in a case such as indicated in division 1, the trial court charges the jury on the law of justifiable homicide in the defense of oneself or in the defense of one's parents, this court will not remand the case for a new trial upon the theory that there was no evidence of self-defense or defense of a parent, or upon the theory that such

charge intimated the trial court's belief that the accused deliberately shot the brother, and that there was no evidence of justifiable homicide.

3. And where, in such·a case, the trial court charges the jury on the law of involuntary manslaughter, this court will not remand the case for a new trial on the theory that there was no evidence of such an offense. Where there is the slightest doubt as to whether any phase of manslaughter, either voluntary or involuntary, is involved in a case, the trial court should submit these principles of law to the jury. *Wager v. State*, 74 *Ga. App.* 729 (41 S. E. 2d 342); *Ridley v. State*, 81 *Ga. App.* 737 (60 S. E. 2d 249); *Hagin v. State*, 86 *Ga. App.* 92 (70 S. E. 2d 795).

4. Where, in such a case, the mother of·the two boys testified on the trial of the case in behalf of the accused son as to what she saw, did, and said during the encounter between her sons, the State may in rebuttal introduce the testimony of a witness, one of the officers who investigated the matter, that, shortly after the homicide, she made statements to him concerning what she saw, did, and said during the encounter, which were contradictory of her testimony on the trial. *Jordan v. State*, 154 *Ga.* 390 (114 S. E. 349).

5. In consequence of what has been said in the foregoing divisions of this opinion, the trial court did not err in denying the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED APRIL 15, 1955.

*John J. Sullivan*, for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General, Sylvan A. Garfunkel, Thomas M. Johnson, Jr., Assistant Solicitors-General*, contra.

