## 43886.  JONES v. THE STATE.

SUBMITTED SEPTEMBER 3, 1968—DECIDED MARCH 6, 1969.

*Lawson & Lawson, Roger H. Lawson,* for appellant.

*Albert D. Mullis, Solicitor General, Lovejoy Boyer,* for appellee.

FELTON, Chief Judge. ■ The indictment for involuntary manslaughter charges that the accused was driving a truck on a public road in violation of the law in the following respects: "(a) accused did drive said truck while under the influence of

intoxicating liquors, beers and drugs; (b) accused did drive and operate said truck on his, said accused's, left-hand side of said highway. . ." Even if averment (a) were not included, the indictment would still sufficiently charge the commission of an unlawful act, i.e., the violation of *Code Ann.* § 68-1633 (Ga. L. 1953, Nov. Sess., pp. 556, 581, as amended). *Bond v. State,* 104 Ga. App. 627 (1) (122 SE2d 310). Any possible error in the failure of the indictment to negative the exceptions of *Code Ann.* § 68-1633 (c) was not harmful, since there was no evidence of any of said exceptions. The court did not err in its judgment overruling the special demurrer to the indictment.

■ The second enumerated error is as follows: "The trial judge erred in denying appellant a new trial because of his failure to instruct the jury on the principles of the law of involuntary manslaughter in the commission of a lawful act where there has not been observed necessary discretion and caution." Upon a certified question from this court, the Supreme Court held that the above enumerated error is sufficient, under the circumstances of this appeal, to raise a reviewable issue. *Jones v. State,* 225 Ga. 114.

"[I]nstructions as to a particular degree of homicide should be given in the event of *any* doubt as to whether the evidence raises an issue as to such degree of homicide." (Emphasis supplied.) *Carmichael v. State,* 115 Ga. App. 591, 595 (155 SE2d 439), and cit. The doubt in the present case was evidenced on several occasions by the court's inquiries of counsel as to whether the lesser degree of involuntary manslaughter was involved and, possibly, by counsel's failure either to request such a charge or to object to the failure to so charge, although this is no longer necessary in criminal cases. Ga. L. 1968, pp. 1072, 1078 (*Code Ann.* § 70-207); *Carmichael v. State,* supra, p. 591 (1). The facts, that the jury was given a choice only between conviction based on an *unlawful* act and acquittal, and that the jury's finding against the defendant's defense of emergency amounted to a finding that the defendant had committed an unlawful act, do not indicate that the failure to charge as is now urged was favorable to the accused, as was held in *Carmichael,* supra, p. 595, and cit. There was evidence from which the jury

might have found that the defendant was committing a lawful act in an unlawful manner and, properly charged, the jury might have convicted for the lesser, misdemeanor offense. *Ridley v. State,* 81 Ga. App. 737 (4) (60 SE2d 249); *Floyd v. State,* 186 Ga. 445 (3) (197 SE 837).

The court erred in its judgment overruling the defendant's motion for a new trial on the above ground.

*Judgments reversed in part; affirmed in part. Eberhardt and Whitman, JJ., concur.*