### 51631. CAULEY et al. v. THE STATE.

QUILLIAN, Judge.

Two police officers had been given notice to apprehend parties in a black and white Cadillac with Georgia license number WBX 632 from Baker County. This vehicle had been seen at the site of an earlier burglary. Defendants were observed in the described automobile while parked on the side of the road at 4:00 a.m. in the morning. As one of the police officers approached the vehicle, one defendant was observed to "reach behind his back. . .like he was putting something behind the seat." All defendants were taken out of the car and the police officer looked in the car where the suspicious activity had taken place. He found a .357 Magnum pistol and a small brown "coin envelope" which "contained some marijuana." A check made over the police radio revealed that the pistol had been stolen.

Thereafter the officers checked the trunk of the car and found a "crocus bag" with "silver paint" on it. They had been advised to look for such a bag as the property taken in the burglary was in a crocus bag with silver paint on it. This bag was identified by the manager and an employee of the burglarized firm as similar to those sacks marked by them, which had been taken on the night of the burglary. Also found in the trunk of the car was a "tire tool" with what appeared to be "red and gray paint on the end of it." The defendants were placed in jail and their automobile was parked beside the police station. The next morning a search warrant was obtained and the tire tool was seized.

Defendants appeal their conviction and denial of motion for a directed verdict of acquittal. *Held:*

1. Defendants enumerate as error the reference to "marijuana" allegedly seized from their automobile for two reasons. First, the substance was not admitted into evidence. Second, there was no proof that it was

marijuana. They also argue that it was error to permit testimony regarding the tire tool taken from the defendant's automobile without "requiring the presentation of the same into evidence." Although the parties stipulated into evidence the laboratory report that the paint chips found on the tire tool, when compared to paint chips taken from the front door of the burglarized building and a coin operated vending machine broken into on the inside of the building during the burglary, were of "similar color, layer structure, ultraviolet fluorescence, texture and solubility," they now allege that it was improper to admit such evidence without requiring the presentation of the tire tool in evidence. They voice another objection to a lack of state's evidence identifying the crocus bag as the one removed from the trunk of the defendant's vehicle.

All of these enumerations of error suffer one common disability. They were never raised at trial. No objection was placed to any evidence except that of the admission of the pistol into evidence. Appellate courts exist for the correction of trial error, where proper objection is taken. *Velkey v. Grimes,* 214 Ga. 420, 421 (105 SE2d 224). Where enumerated errors on appeal attempt to raise for the first time questions not raised in the trial court, they present nothing for decision. *Patterson v. State,* 228 Ga. 389, 390 (185 SE2d 762); *Johnson v. State,* 128 Ga. App. 69 (1) (195 SE2d 676).

2. For the same reason, defendant's enumeration regarding the trial court's comment on the rule of sequestration presents nothing for decision as there was no objection at trial. *Nicholson v. State,* 133 Ga. App. 819 (2) (212 SE2d 474).

3. The trial court committed no harmful error by admitting in evidence, over objection, the .357 Magnum pistol found in defendant's car at the time of their apprehension. Two police officers had previously testified, without objection, about the discovery of the pistol in the defendant's car and their immediate check over the radio to find that it was a stolen weapon. Nothing was shown or given to the jury that had not been previously heard or seen by them. *Coley v. State,* 135 Ga. App. 810 (1) (219 SE2d 35). Accordingly, admission of the weapon was not

prejudicial. Furthermore, the evidence was admissible as part of the res gestae. Surrounding circumstances constituting part of the res gestae are always admissible *(Shouse v. State,* 231 Ga. 716 (8) (203 SE2d 537)) even though it may show commission of another crime for which he is not on trial. *Collins v. State,* 133 Ga. App. 716 (213 SE2d 19).

4. The indictment alleged and the evidence showed that the place burglarized was the Sales City Peanut Company. However, during the trial and during the charge to the jury the judge referred to the place of the offense as the "Sales City Milling Company." Defendants allege this error misled and confused the jury and constituted a new and different accusation from the indictment on which the prosecution was based. We do not agree.

Inaccuracies in a charge which do not mislead or obscure meaning, do not require a new trial. *Evans v. State,* 68 Ga. App. 207 (5) (22 SE2d 618). Erroneously misstating the name of the victim in a charge will not cause a reversal. *Powell v. State,* 9 Ga. App. 614 (1) (71 SE 1013); *Taylor v. State,* 138 Ga. 826 (3) (76 SE 347). Where, as here, the indictment and the witnesses correctly referred to the place of the burglary by its correct name, we find no reason for reversal merely because the judge misstated the name during the charge. There is no reasonable probability that they were misled or confused as to the identity of the place burglarized. See *Louisville &c. R. Co. v. Culpepper,* 142 Ga. 275 (2) (82 SE 659). Neither did the misstatement of the name during the charge constitute a new and different accusation, where the indictment was before the jury, and the testimony of the witnesses conformed to the wording of the indictment. We find the evidence of sufficiency of identity to be one for the jury. *Mitchum v. State,* 11 Ga. 615, 620 (2); *McLain v. State,* 71 Ga. 279 (6). They were satisfied with the proof and we will not disturb it. *Hall v. State,* 22 Ga. App. 112, 114 (95 SE 936); *Lanier v. State,* 50 Ga. App. 154 (1) (177 SE 270).

5. The general grounds and the remaining enumerations of error are without merit. The evidence of record supports the verdict of the jury.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED JANUARY 15, 1976 — DECIDED FEBRUARY 11, 1976 — REHEARING DENIED MARCH 2, 1976 — ■

*Donald E. Strickland,* for appellants.
*A. Wallace Cato, District Attorney,* for appellee.